IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| YONG YI,<br><br>          Plaintiff,<br><br>    vs.<br><br>FINANCIAL ASSISTANCE, INC.<br><br>          Defendant. | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ., RCW CHAPTERS 19.16 AND 19.86 ET SEQ.,** |

COMES NOW Plaintiff, Yong Yi, by and through counsel, who alleges:

**I.    PARTIES AND JURISDICTION**

1.    Plaintiff Yong Yi is an individual who resides in Washington State.

2.    Defendant Financial Assistance, Inc. ("FAI"), a Washington Limited Liability Company, UBI # 600 640 087, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff. FAI's registered agent is Cella Heckman, 24624 132nd St. SE, Monroe, WA 98272.

3.    Jurisdiction over Defendant is proper as Defendants is doing business in Washington State and venue is appropriate in King County, Washington.

Complaint - 1

## II.  FACTS

4. Plaintiff Yong Yi had a consumer relationship with Verity Credit Union ("Verity") beginning several years ago. Verity is not presently a party to these proceedings.

5. Ms. Yi, who is 75 years old, single, and who subsists on social security income, at some point in 2015 became unable to pay her credit card account, at which point Verity engaged Defendant FAI to begin collection efforts against Ms. Yi.

6. Aside from social security income and other governmental benefits, Ms. Yi's only asset is her home, which she shares with her adult son. As an immigrant, citizen, and retiree from foreign service to the United States government, Ms. Yi's home represents everything that she has accomplished for herself and her family over the course of her life.

7. Since 2015, FAI has sent Ms. Yi a significant number of collection letters, many of which included insulting language (for example, one of the first letters in April 2015 accused Ms. Yi of acting "in obvious disregard" of prior collection efforts by FAI). Each collection letter appears to have stated that Ms. Yi owed a principal balance of $2,895.70 on her Verity account, plus some amount of interest at 12 percent.

8. Ms. Yi is unsure whether 12 percent is the contractual rate which she had agreed with Verity, and FAI has not provided the contract at issue.

9. At some point in approximately 2017 or 2018, Ms. Yi acceded to FAI's threats and began making regular monthly payments of $30.00.

10. Despite Ms. Yi's timely payments each month, as promised, the principal balance of $2,895.70 never seemed to change. Mathematically, simple interest would accrue at $28.96 per month, and thus a $30.00 payment would (albeit slowly) reduce the principal by a small amount each month.

11. In 2020, amidst a global health pandemic (of which Ms. Yi was at highest risk), Ms. Yi was contacted repeatedly by FAI, whose representatives, on information and belief, insisted that Ms. Yi pay a greater share of the balance, or else FAI would ultimately obtain a lien on her home.

12. The threat of a lien was extremely intimidating to Ms. Yi, as it would imperil the single, most important achievement of her financial life, which was owning a home in this country. Ms. Yi, who is not trained in legal matters, worried constantly about whether she could be evicted from the home which she presently owned.

13. In a letter dated October 8, 2020, FAI again demanded payment of the of $2,895.70, plus interest of $664.21, in a cryptic letter devoid of any meaningful content. Despite its bizarre phrasing, the letter stated that FAI will "expect your response by 10-30-20," suggesting that Ms. Yi needed to take some sort of action. A copy of that letter is attached as **Exhibit A**.

14. Throughout this time, Ms. Yi continued to make her $30.00 payments as she had promised, despite lacking any disposable or non-exempt funds.

15. Much to her shock, surprise, dismay, and many other emotions, Ms. Yi was served with a collection lawsuit from FAI in approximately early March 2021, filed in King County District Court case number 21CIV21599KCX. See **Exhibit B** (the "collection lawsuit").

16. In the collection lawsuit, FAI demanded the same $2,895.70 in principal, but claimed that the interest was now $2,069.67 (through February 2021). Only four months earlier, FAI's letter had claimed interest was only $664.21. Ms. Yi worried that her worst fears were coming true – namely, that FAI was going to try to take her home from her by way of a lien.

17. Objectively speaking, the collection lawsuit served no functional purpose other

than to scare an old woman; FAI and Verity both were aware of Ms. Yi's finances and inability to pay, and that she survived exclusively by virtue of government assistance (which is exempt from execution).

18. In total, Ms. Yi is unsure of the exact number of collection letters, phone calls, threats, and other efforts made by FAI in its collection campaign, which now spans six years.

19. As a result of FAI's actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities, on information and belief, may have suffered damaged credit, and has suffered financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of the collection efforts.

### III.  CAUSES OF ACTION

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

20. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

21. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

22. For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

**Count 1 (and all subcounts)**

23. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take

any action which cannot be legally taken (§ 1692e(5)); the false representation of information to others (§ 1692e(8); or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

24. Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it:

    a) Demanded amounts that were not owed in a lawsuit;

    b) Misrepresented the balance owed on an alleged debt (failure to credit payments);

    c) Sent confusing and misleading letters, such as the October 2020 letter which was incoherent but which also demanded a response from Ms. Yi; and

    d) Made threats to impair Ms. Yi's property with a lien.

25. Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on numerous occasions.

**Count 2 (and all subcounts)**

26. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

27. Plaintiff realleges paragraph 24 *supra*, as constituting unfair and unconscionable means to collect a debt.

28. Plaintiff would also assert that the entire six-year scope of FAI's collection campaign, taken as a whole, constitutes unfair and unconscionable means to collect a debt from Ms. Yi, who was voluntarily paying an agreed-upon amount each month.

29. In summary, Defendant therefore violated 15 U.S.C. § 1692f and/or § 1692f(1) on numerous occasions.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

30. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

31. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

32. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id*. (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

**Count 3**

33. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

34. Here, Defendant demanded money for amounts that were not owed through their collection lawsuit.

35. Defendant's calculation of Ms. Yi's payments is not clear at this time, but on information and belief, Defendant failed to credit amounts paid by Ms. Yi to the principal balance.

36. Defendant therefore violated RCW 19.16.250(21) upon each debt collection

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 6

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1 attempt which sought more money than was actually owed.

**Count 4**

37. A collection agency shall not represent or imply that an existing obligation may be increased by the addition of any charges when in fact such charges may not be legally added to the obligation. RCW 19.16.250(15).

38. Plaintiff realleges the preceding paragraphs.

39. Defendant therefore violated RCW 19.16.250(15) on numerous occasions.

**"Count" 5 – Injunctive Relief**

40. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

41. Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

42. Specifically, Plaintiff seeks an injunction prohibiting Defendant from their unlawful collection tactics, including but not limited to demanding money that is not owed and assessing interest that is not owed.

43. Plaintiff has reason to believe these actions may constitute a pattern and practice of behavior and have impacted other individuals similarly situated.

44. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

45. Injunctive relief should therefore issue as described herein.

**IV.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

Complaint - 7

1. For Judgment against Defendant for actual damages.

2. For statutory damages of $1,000.00, for FDCPA violations, per Plaintiff and per Defendant.

3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 17th day of March, 2021.

**ANDERSON SANTIAGO, PLLC**

By:__/s/ Jason D. Anderson__
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiffs
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

# EXHIBIT A

1130 140TH AVE. NE STE 100A
BELLEVUE, WA 98005-2974

08 OCT 2020

Account No. J105163 31A/719

\*\*\*\*\*\*\*SINGLE-PIECE 44309     242 1 SP 0.500
000229
YONG YI
2010 S HANFORD ST
SEATTLE WA 98144-6409

FINANCIAL ASSISTANCE, INC.
PO BOX 7148
BELLEVUE WA 98008-1148

Creditor: VERITY CREDIT UNION   Creditor Account No. xxxxxxxxxxxx0791
Balance: $2895.70
Interest: $664.21 0.12000 Apr.
Other Charges: $0.00
Total Due: $3559.91

Dear Yong Yi,

    I'm writing you because of the following:

1.)


    If you have any questions feel free to call.  If not, I will expect your response by 10-30-20.  Your efforts are appreciated.


Sincerely,
Financial Assistance, Inc.


Renee Forest
Account Representative
Extension 2236


RF/bja


This communication is from a debt collector. This is an attempt by a debt collector to collect a debt. In accordance with debt collection laws, any information obtained will be used only for that purpose.

FINANCIAL ASSISTANCE, INC.
1130 140TH AVE. N.E. SUITE 100A
BELLEVUE, WA 98005-2974
(425) 641-3235

FINASLTRD     31A     000000054     001     229

# EXHIBIT B

IN THE KING COUNTY DISTRICT COURT
WEST DIVISION-SEATTLE COURTHOUSE
STATE OF WASHINGTON

| | |
|---|---|
| FINANCIAL ASSISTANCE, INC., a Washington Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> YONG YI <br><br> Defendants. | No. <br><br> **COMPLAINT** |

COMES NOW the Plaintiff, Financial Assistance, Inc., by and through its attorney of record, Jeffrey G. Yonek, and for its complaint against Defendant(s) alleges as follows:

I. <u>PARTIES, JURISDICTION AND VENUE</u>

1. Plaintiff Financial Assistance, Inc. is a duly licensed and subsisting Washington corporation and collection agency doing business throughout the State of Washington. Plaintiff is the Assignee of a claim it received in the ordinary course of business from its Assignor, Verity Credit Union ("Assignor").

COMPLAINT FOR BREACH OF CONTRACT - 1

JEFFREY G. YONEK
1130 -140th Ave NE, Suite 100A
Bellevue, WA 98005
Phone: (425) 641-3235 Fax: (425) 649-3588

2. Defendant YONG YI ("Defendant") is an individual believed to reside in the State of Washington. The acts complained of herein were undertaken on behalf of Defendants individually.

3. On information and belief, neither Defendant nor spouse is a member of the armed forces of the United States, or a spouse or a dependent of a member of the armed forces of the United States.

4. This Court has proper subject matter jurisdiction of the present litigation, and the District Court of King County in the West Division is the proper place of venue, as one or more of the Defendants reside herein.

## II. CLAIMS

5. <u>Breach of Contract</u>. Plaintiff repeats and re-alleges the allegations contained in every paragraph of all preceding paragraphs and by reference thereto incorporates the same herein as if set forth in full.

    a. Defendant(s) entered into an Agreement with Assignor on August 14, 2013 for a Visa Credit Card Agreement, and has/have breached said contract.

    b. Assignor provided the agreed-upon products and/or services.

    c. Assignor and Plaintiff have made numerous attempts to collect on the outstanding balance, to no avail.

    d. Pursuant to the terms of the Agreement, Plaintiff is entitled to recover its costs and reasonable attorney's fees.

COMPLAINT FOR BREACH OF CONTRACT - 2

JEFFREY G. YONEK
1130 -140th Ave NE, Suite 100A
Bellevue, WA 98005
Phone: (425) 641-3235 Fax: (425) 649-3588

6.   <u>Unjust Enrichment</u>.   Plaintiff repeats and re-alleges the allegations contained in every paragraph of all preceding causes of action and by reference thereto incorporates the same herein as if set forth in full.

   a.   Plaintiff's Assignor has provided products and/or services to Defendant(s) herein and Defendant(s) has/have benefited therefrom.

   b.   Defendant(s) will be unjustly enriched if Plaintiff is not permitted to recover or be fully paid for said services and/or products.

### III. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief against Defendant(s) YONG YI, as follows:

   a.   For the total principal sum of $2,895.70;

   b.   For interest at the contractual rate of 12% per annum from February 23, 2015. Accrued interest through February 5, 2021 is $2,069.67. Interest is continuing to accrue at the contractual rate;

   c.   For Plaintiff's statutory/reasonable attorney's fees and court costs. Current attorney fees are $200.00, and current costs are estimated at $168.00, which is comprised of the following: filing fee of $83.00, estimated service of process fee of $65.00, estimated ex-parte fee of $20.00, collection costs of $0.00, damages in the amount of $0.00, handling fees in the amount of $0.00. As the underlying contract has an attorney fees provision, the amount of attorney fees is subject to change based on the time spent by counsel in litigating this matter. Full or partial payment of the

COMPLAINT FOR BREACH OF CONTRACT - 3

JEFFREY G. YONEK
1130 -140th Ave NE, Suite 100A
Bellevue, WA 98005
Phone: (425) 641-3235 Fax: (425) 649-3588

amounts sought by the Plaintiff prior to the entry of judgment may still result in an award of costs and fees outlined hereinabove; and

        d.    Such other and further relief as the Court may deem proper.

DATED this 10TH day of February, 2021.

*/s/ Jeffrey G. Yonek*
Jeffrey G. Yonek, WSBA #17762
Attorney for Plaintiff
1130-140th Avenue NE, Ste 100A
Bellevue, WA 98005
(425)641-3235

COMPLAINT FOR BREACH OF CONTRACT - 4